*1039 In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Giacomo, J.), entered February 17, 2012, which granted the plaintiffs motion to hold them in contempt for their alleged failure to comply with a provision in an order of the same court entered June 17, 2011, imposing conditions upon the acceptance of their late answer, and thereupon for leave to enter a default judgment on the issue of liability.
Ordered that the order entered February 17, 2012, is reversed, on the law, with costs, and the plaintiffs motion to hold the defendants in contempt for their alleged failure to comply with a provision in an order entered June 17, 2011, imposing conditions upon the acceptance of their late answer, and thereupon for leave to enter a default judgment on the issue of liability, is denied.
In an order entered June 17, 2011, the Supreme Court denied the plaintiffs motion for leave to enter a default judgment against the defendants, and granted the defendants’ cross motion to compel the acceptance of their late answer, inter alia, upon the condition that the defendants pay “the legal fees incurred by the plaintiff in making her motion and in responding to defendants’ cross motion.” The order entered June 17, 2011, further provided that, if the parties failed to come to an agreement regarding the amount of the legal fees, they were directed to contact the Supreme Court to schedule a conference with respect to the issue. The plaintiffs counsel submitted a bill to the defendants’ counsel for the sum of $1,045, representing the legal fees incurred in preparing the motion and responding to the cross motion. The defendants’ counsel responded by offering to pay the $95 fee for the filing of a request for judicial intervention and the $45 fee for the filing of a motion, but objected to paying any other legal fees, based on the defendants’ contention that the plaintiff’s counsel was retained on a contingency-fee basis.
More than two months after the defendants made their counteroffer, by letter dated September 6, 2011, the plaintiffs counsel wrote to the Supreme Court requesting a conference to resolve the fee dispute. In a letter dated September 13, 2011, the defendants’ counsel joined in the plaintiff’s request for a conference. However, on September 29, 2011, without any conference being scheduled, the plaintiff moved to hold the defendants in contempt for their alleged failure to comply with the order entered June 17, 2011, and thereupon for the entry of a default judgment. The Supreme Court granted the plaintiffs motion, and the defendants appeal.
*1040 “ ‘In order to find that contempt has occurred in a given case, it must be determined that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect. It must appear, with reasonable certainty, that the order has been disobeyed. Moreover, the party to be held in contempt must have had knowledge of the court’s order . . . Finally, prejudice to the right of a party to the litigation must be demonstrated’ ” (Massimi v Massimi, 56 AD3d 624, 624 [2008], quoting Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983]; see Judiciary Law § 753 [A]). “The burden of proof is on the proponent of the contempt motion, and the contempt must be established by clear and convincing evidence” (Massimi v Massimi, 56 AD3d at 624).
Here, the plaintiff failed to establish by clear and convincing evidence that the defendants disobeyed the order entered June 17, 2011. Rather, there was a dispute as to the interpretation of the order, and the defendants complied with the order by requesting a conference before the Supreme Court to resolve the dispute. Accordingly, the Supreme Court erred in granting the plaintiff’s motion.
In light of our determination, we need not reach the parties’ remaining contentions. Skelos, J.E, Hall, Lott and Hinds-Radix, JJ., concur.